UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Albert Ruben Kuperman


            v.                          Civil No. 08-cv-0054-JD


Jo Anne B. Barnhart, Commissioner,
Social Security Administration


REPORT AND RECOMMENDATION


Pursuant to 42 U.S.C. § 405(g), pro se claimant, Albert Ruben Kuperman, moves to reverse the Commissioner's decision denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"), 42 U.S.C. § 423, and Supplemental Security Income Benefits ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381-1383c (document nos. 1 and 6-9).[1]  In support of his motion, claimant states that the Commissioner and the Administrative Law Judge ("ALJ") failed to consider new and material medical evidence pertaining to his physical and psychological conditions.  Accordingly, I construe his motion as a request for remand pursuant to sentence six of 42 U.S.C. § 405(g)(permitting a district court to remand a case to

---

[1]The ALJ decision reflects that claimant applied for and was denied only DIB under Title II.

the Commissioner of Social Security for further action upon a showing that there is new evidence which is material and that there is good cause for failure to submit the evidence at the administrative level).  For the reasons stated below, I recommend that claimant's motion be denied.

## Factual Background

Claimant is an inmate at the New Hampshire State Prison in Concord, New Hampshire.  The record reveals that he has been continuously incarcerated from January 2004 to the present.[2] This action stems from claimant's application for disability insurance benefits and supplemental security income[3], filed on August 8, 2005, alleging that he had been unable to work since November 7, 2003 due to his disability.  His complaints of physical disability included a history of congenital heart disease, cardiac arrhythmia and atrial fibrillation.  His complaints of psychological disability included anxiety,

---

[2] The court notes that claimant is not entitled to disability insurance benefits for the period of his incarceration.  See 42 U.S.C. § 402(x)(1)(A).  Because I recommend that claimant's motion be denied on other grounds, this issue is not addressed.

[3] Although claimant further claims to have filed an application for supplemental security income, the ALJ decision indicates that claimant sought only disability insurance benefits.

depression, difficulties in sleeping and difficulties in social functioning.  Claimant's application was denied at the initial level of review on January 26, 2004.  Because the initial denial was not appealed, it became the final decision of the agency as to claimant's disability through January 26, 2004.

I.  <u>ALJ Decision</u>

Claimant subsequently sought de novo review before an Administrative Law Judge ("ALJ").  He appeared and testified before an ALJ at an administrative hearing via video conference held on February 2, 2007 in Concord, New Hampshire.  On March 22, 2007, the ALJ issued an order in which he determined, that from the date after the initial denial was issued, January 27, 2004, through the date claimant was last insured for benefits, June 30, 2006, claimant was not disabled within the meaning of the Act. Specifically, he found that claimant retained the residual functional capacity to perform exertional and nonexertional requirements of light work with a minimum amount of social interaction.

In reaching this decision, the ALJ employed the mandatory five-step sequential evaluation process described in 20 C.F.R. § 404.1520.  At the first step, he determined that claimant had

not been engaged in substantial gainful employment since January

27, 2004, and at the second step he determined that claimant

suffered from severe impairments including cardiac arrhythmia and

a personality disorder.  At the third step, the ALJ determined

that claimant's impairment did not meet or medically equal one of

the impairments listed in Part 404, Subpart P, Appendix 1 of the

regulations.  Consequently, he could not rely solely upon medical

evidence to determine claimant's eligibility for disability

benefits but, rather, had to consider claimant's residual

functional capacity ("RFC") as it related to his past relevant

work as well as other work which existed in the national economy

in significant numbers.[4]

     The ALJ concluded that claimant retained the RFC to perform

the exertional and nonexertional demands of light work with

---

[2]     "RFC is what an individual can still do despite his or her
functional limitations.  RFC is an administrative assessment of
the extent to which an individual's medically determinable
impairment(s), including any related symptoms, such as pain, may
cause physical or mental limitations or restrictions that may
affect his or her capacity to do work-related physical and mental
activities.  Ordinarily, RFC is the individual's maximum
remaining ability to do sustained work activities in an ordinary
work setting on a regular and continuing basis, and the RFC
assessment must include a discussion of the individual's
abilities on that basis."  Social Security Ruling, <u>Policy
Interpretation Ruling Titles II and XVI: Assessing Residual
Functional Capacity in Initial Claims</u>, SSR 96-8p, 1996 WL 374184
at *2 (July 2, 1996) (citation omitted).

minimum social interaction.  He further noted that claimant had
no functional limitations, except for moderate limitations in
social functioning and mild difficulties in maintaining
concentration, persistence or pace.  In light of those findings,
the ALJ concluded, at step four, that claimant's impairments did
not prevent him from performing his past relevant work as a
supermarket cashier and that he was not "disabled," as that term
is defined in the Act, through the date of his decision.

II.  Subsequent Review

Claimant sought review of the ALJ's decision before the
Appeals Council.  On February 11, 2008, the Appeals Council
denied his request, thereby rendering the ALJ's decision a final
decision of the Commissioner subject to judicial review.
Claimant has not provided this Court with a copy of the decision
issued by the Appeals Council.

Claimant now brings the instant action, asserting that new
evidence should be considered by the Commissioner and the ALJ in
re-evaluating his eligibility for disability insurance benefits
and supplemental security income.  Claimant does not challenge
the ALJ's decision that substantial evidence existed in the
record as of March 22, 2007 to support the determination that he

was not disabled at any time prior to and through the date of the ALJ's decision.  Accordingly, I construe his motion as a request for remand pursuant to sentence six of 42 U.S.C. § 405(g). Process has not been issued and the Commissioner has not been served.  The only administrative record provided is an expurgated copy of the ALJ decision issued on March 22, 2007, which claimant filed in a previous action before this Court (Kuperman v. Warden, New Hampshire State Prison, 07-cv-00245-PB).

**Standard of Review**

Construed liberally, claimant's motion requests that this matter be remanded so that the ALJ may reconsider his adverse decision in light of a more complete and comprehensive record that includes new and material evidence.  The First Circuit has identified two circumstances under which a social security matter may be remanded based upon new evidence, absent the consent of the Commissioner.  See Skidds v. Barnhart, Civil No. 05-cv-383-SM, 2006 WL 1428257 at *4 (D.N.H. May 24, 2006).  First, a social security matter may be remanded when new evidence is presented to the Appeals Council and the council refuses to grant review based upon an "egregiously mistaken ground."  Id. (citing Mills v. Apfel, 244 F.3d 1, 5 (1st Cir. 2001)).  Where the Appeals Council

6

provides no detailed reason for its refusal to grant review, that decision is "effectively unreviewable." <u>Mills</u>, 244 F.3d at 6. In this case, claimant asserts that although he notified the Appeals Council of the new evidence, it subsequently denied his appeal.  Because claimant has not provided a copy of the Appeals Council's decision, the record is silent as to the precise basis of its denial.  Claimant has not alleged that the decision by the Appeals Council "rests on an explicit mistake of law or other egregious error." <u>Mills</u>, 244 F.3d at 5.  Accordingly, at this stage of preliminary review, remand does not appear to be appropriate on this basis.

Second, a social security matter may be remanded pursuant to sentence six of 42 U.S.C. § 405(g).  To be entitled to a remand under sentence six, a claimant must demonstrate that "there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." <u>Id</u>.  <u>See also</u> <u>Evangelista v. Secretary of Health & Human Services</u>, 826 F.2d 136, 139–43 (1st Cir. 1987). Evidence is "new" if it was not in existence or available to the claimant at the time of the administrative proceeding.  <u>Sullivan v. Finkelstein</u>, 496 U.S. 617, 626 (1990).  It is "material" if

the ALJ might reasonably have rendered a different decision if it
had been presented to him.  <u>Evangelista</u>, 826 F.2d at 140.  <u>See
also</u> <u>Woolf v. Shalala</u>, 3 F.3d 1210, 1215 (8th Cir. 1993) ("To be
material, new evidence must be non-cumulative, relevant, and
probative of the claimant's condition for the time period for
which benefits were denied, and there must be a reasonable
likelihood that it would have changed the [Commissioner's]
determination.") (citations omitted); <u>Rufino v. Apfel</u>, 2 F. Supp.
2d 479, 484-85 (S.D.N.Y. 1998) ("the Second Circuit has
identified a three-prong test that a [claimant] must meet to
satisfy these criteria: (1) the evidence is new and not merely
cumulative, (2) the evidence is material, meaning it is both
relevant to [claimant's] condition during the time period covered
by the decision and it could have affected the decision had it
been presented earlier, and (3) there is good cause for not
having presented this new evidence earlier.") (citation omitted
and internal punctuation omitted).

     Here, in seeking a remand based upon new and material
evidence, claimant relies upon four documents.  The first is a
letter dated October 10, 2007 by Dr. Lando, allegedly advising
claimant to be seen by an endocrinologist and to have the

following tests performed: "blood-work for total and free testosterone, sex hormone binding and globulin (SHBG), and to consider Prolactin levels."  The second is an X-ray performed by Concord Hospital on January 11, 2008, allegedly indicating "generalized pulmonary vascular congestion with elevation of the cardiac apex."  The third is an alleged abnormal ECG performed by Concord hospital on January 11, 2008, "indicating left ventricular hypertrophy, ST & T abnormalities and early precordial wave transition."  The fourth is a document not in existence; claimant requests the Commissioner to "update" the evaluation provided by Eric Mart, Ph. D. on April 19, 2004 and to re-evaluate claimant's psychological problems.

The evidence at issue in this case is new as it postdates the ALJ decision of March 22, 2007.  It is not, however, "material" to the ALJ decision because it does not relate to the time period at issue.  See Hargis v. Sullivan, 945 F.2d 1482, 1493 (10th Cir. 1991)(holding that implicit in the materiality requirement is that the proffered evidence relate to the time period for which the benefits were denied.)  Claimant's application for disability insurance benefits was denied at the initial level of review on January 26, 2004.  Because the initial

denial was not appealed, it became the final decision of the
agency as to claimant's disability through January 26, 2004.  The
ALJ issued a decision on March 22, 2007.  Therefore, the question
before the ALJ, and the question to which this Court's review is
limited, is whether claimant was disabled between January 27,
2004 and March 22, 2007.  See Beauclair v. Barnhart, 453 F. Supp.
2d 1259, 1269 (D. Kan. 2006).  Because the evidence at issue
postdates the ALJ's decision, it is not probative of claimant's
condition for the time period for which benefits were denied.
Nor has claimant advanced any reasons demonstrating a reasonable
likelihood that the evidence would have changed the
Commissioner's determination.  See Rufino, 2 F. Supp. 2d at 484–
85.  Id.  If claimant believes his condition has worsened since
the date of the ALJ decision, his proper course of action is to
initiate a new claim for benefits with the Social Security
Administration.  See Beauclair, 453 F. Supp. 2d at 1269.  In
light of the foregoing, I find that remand under sentence six of
42 U.S.C. § 405(g) is not appropriate.

## Conclusion

For the reasons stated above, I conclude that remand under
sentence six of 42 U.S.C. § 405(g) is not warranted and,

10

therefore, recommend that claimant's motion for remand (document nos. 1 and 6-9) be denied.


James R. Muirhead
United States Magistrate Judge

Date: September 2, 2008

cc:   Albert R. Kuperman, pro se